UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ZIEMER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-125-RLY-WGH |
| | ) | |
| VANDERBURGH COUNTY SHERIFF, | ) | |
| VANDERBURGH COUNTY, INDIANA, | ) | |
| and CORRECTIONS OFFICER JEFF | ) | |
| HENDERSON, | ) | |
|     Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

On August 10, 2010, Edward Ziemer ("Plaintiff") filed a complaint against the Vanderburgh County Sheriff ("Sheriff"), Vanderburgh County, Indiana ("County"), and Corrections Officer Jeff Henderson ("Officer Henderson"), in his official and individual capacities (collectively "Defendants"), alleging violations of Plaintiff's Eighth Amendment Rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), and gross negligence. This matter is now before the court on Defendants' motion to dismiss. For the reasons set forth below, the Defendants' motion is **GRANTED**.

**I.    Background**

On August 13, 2008, Leroy Edward Johnson ("Johnson") physically attacked Plaintiff, a pre-trial detainee at the Vanderburgh County Jail ("Jail"), and bit off Plaintiff's ear. (Complaint ¶¶ 10, 13). Officers at the Jail had previously determined that

1

Plaintiff and Johnson should remain separated, and not released from their individual cells at the same time. (*Id.* ¶ 11). Plaintiff alleges that he has suffered permanent and severe physical and emotional injuries, and that he has been permanently disfigured. (*Id.* ¶ 14-15).

Plaintiff brings claims against Officer Henderson under Section 1983 in his individual and official capacities, for compensatory (Count I) and exemplary (Count II) damages, alleging that Officer Henderson deliberately disregarded Plaintiff's constitutional right to be protected against assaults from other inmates. Plaintiff also brings claim against all Defendants for gross negligence (Count III), and a claim against the Sheriff and County under a respondeat superior theory (Count IV).

## II. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). In determining a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 547 (2007).

## III. Discussion

### A. Section 1983 – Counts I and II

#### 1. Policy or Custom

Defendants argue that Plaintiff fails to state a Section 1983 claim against Officer Henderson in his official capacity because Plaintiff does not allege that his rights were violated based on an unconstitutional policy or custom. *See S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 564 (7th Cir. 2007) ("When an official is sued in his or her official capacity under [Section] 1983, 'the [governmental] entity's policy or custom must have played a part in the violation of federal law.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Plaintiff concedes Defendants' argument. Therefore, the court **GRANTS** Defendants' motion with respect to Plaintiff's Section 1983 claim against Officer Henderson in his official capacity.

#### 2. Deliberate Indifference

Plaintiff's Section 1983 claim alleges that Officer Henderson violated Plaintiff's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment. However, as a pre-trial detainee, Plaintiff's constitutional claim does not fall under the Eighth Amendment; rather, it invokes the Due Process Clause of the Fourteenth Amendment. *Mayan v. Weed*, 310 Fed.Appx. 38, 40 (7th Cir. 2009) (citing *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2000)). Since the standards for analyzing a deliberate indifference claim under the Eighth and Fourteenth Amendments are the same,

3

the court shall construe the parties' arguments as if they were made under a Fourteenth Amendment analysis. *Estate of Gee ex rel. Beeman v. Johnson*, 365 Fed.Appx. 679, 683 (7th Cir. 2010); *see also Minx v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) ("[W]e apply the same legal standards to deliberate indifference claims brought under the Eighth or Fourteenth Amendment.") (citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 588 F.3d 445, 452 n.1 (7th Cir. 2009)).

"Prison officials owe inmates, both those who have been convicted and those being detained while awaiting trial, a duty to protect them from violence inflicted by other inmates." *Guzman v. Sheahan*, 495 F.3d 852, 856-57 (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)); *see also Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005) (noting that the Fourteenth Amendment extends this protection to pre-trail detainees). The Due Process Clause of the Fourteenth Amendment protects a pre-trial detainee from deliberate indifference to their safety by prison officials. *Guzman*, 495 F.3d at 856-57. In order to bring a claim for deliberate indifference, Plaintiff must allege that Officer Henderson was "'aware of a substantial risk of serious injury to [Plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Id.* at 857 (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). This requires more than an allegation of negligent or even grossly negligent behavior, but that Officer Hendrson acted with the equivalent of criminal recklessness. *Id.* (citations omitted). Deliberate indifference to a prisoner's safety implies avoidance of a known risk, not merely a foreseeable risk. *Proffitt v. Ridgway*, 279 F.3d 503, 506 (7th Cir. 2002).

4

Plaintiff alleges that Officer Henderson was deliberately indifferent because he acted with "willful and wanton indifference to and with deliberate disregard" of Plaintiff's safety. (Complaint ¶¶ 20-21; 24). However, Plaintiff does not substantiate these allegations with factual details. Specifically, Plaintiff does not claim that Officer Henderson knew of the risk to Plaintiff's safety that Johnson posed, nor that Officer Henderson deliberately disregarded protecting Plaintiff from such a known risk. Plaintiff's mere recitation of the elements of a deliberate indifference claim is not sufficient to state a claim for relief. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Therefore, the court **GRANTS** Defendants' motion to dismiss with respect to Plaintiff's Section 1983 claims (Counts I and II).

    **B.**    **Gross Negligence – Count III**

Defendants argue that Plaintiff may not pursue exemplary damages under Plaintiff's gross negligence claim, and Plaintiff concedes Defendants' argument. Therefore, under Count III, Defendants' motion is **GRANTED** with respect to exemplary damages. Plaintiff's gross negligence claim remains to the extent that he seeks compensatory damages.

    **C.**    **Respondeat Superior – Count IV**

Defendants argue that Plaintiff's claim against the Sheriff and County under the theory of respondeat superior is not available for alleged Section 1983 violations. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978) (holding that under Section 1983, respondeat superior liability is not a ground for municipal

liability, and a direct claim against a municipality is only available if based on a policy or custom of the municipality that violates the plaintiff's constitutional rights). Plaintiff concedes this point, but argues that his respondeat superior claim is actually related to his gross negligence claim contained in Count III. A plain reading of the Complaint reflects that Plaintiff's respondeat superior claim is related to his civil rights claim, and not the gross negligence claim. (Complaint ¶ 32). Therefore, the court **GRANTS** Defendants' motion to dismiss with respect to Plaintiff's respondeat superior claim against the Sheriff and County (Count IV).

**IV.    Conclusion**

For the aforementioned reasons, the court **GRANTS** Defendants' motion to dismiss (Docket # 17) with respect to Counts I, II, and IV of Plaintiff's Complaint. In regard to Count III, Defendants' motion is **GRANTED** to the extent Plaintiff seeks exemplary damages. Count III remains to the extent that Plaintiff seeks compensatory damages.

**SO ORDERED** this 27th day of January 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Robert R. Faulkner
rrfaulk@evansville.net

John Andrew Goodridge
John Andrew Goodridge Law Office
jagoodridge@att.net